UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

RICKY CAMPBELL                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 5:07CV-P91-R

SCOTT A. HAAS *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Ricky Campbell filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  This

matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore*

*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, part of the claims

will be dismissed and the remaining claims will proceed.

## I. BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Kentucky State Penitentiary ("KSP").  As

Defendants, he sues the following individuals in both their individual and official capacities:

Scott A. Haas,[1] Medical Director of the Kentucky Department of Corrections ("KDOC"); John

D. Rees, Commissioner of the KDOC; Thomas Simpson, KSP Warden; Pat Harld, R.N., at KSP;

Nicole Eber, R.N., at KSP; J.B. Lowals, KSP Optician; Steve Hiland, KSP Physician; Chanin

Hiland, A.R.N.P., at KSP; and John Wood, KSP Nurse Supervisor.  As relief, Plaintiff seeks

compensatory and punitive damages as well as declaratory and injunctive relief.[2]

---

[1]While Plaintiff identified the Medical Director as Dr. "Hass," the Court takes judicial notice of the fact that the KDOC Medical Director is Dr. "Haas," *see* www.corrections.ky.gov, and will use the latter spelling throughout.

[2]Plaintiff states that he seeks both *preliminary* and permanent injunctive relief in the form of medical treatment, but he fails to argue the following factors in support of preliminary injunctive relief: (1) the likelihood of success on the merits of the claim; (2) whether he will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction.  As Plaintiff has only broadly requested preliminary injunctive relief without arguing the foregoing factors, the Court will not consider such a request at this time.  *See Garlock, Inc. v. United Seal,*

(continued...)

In the complaint, Plaintiff claims that Dr. Hiland, Nurse Eber, Nurse Supervisor Wood, and Optician Lowals are violating the Eighth Amendment by denying him medical treatment for complaints of pain, burning, soreness, redness and blurriness in his right eye.  He claims that they simply tell him to apply a warm compress.  He further claims that despite blurred vision with reading, the optician will not provide him with eyeglasses unless he pays for them himself.  Plaintiff reports that he wrote the Deputy Warden of Programs and spoke with Warden Simpson about his need for eyeglasses and right eye problems but that neither followed up with Plaintiff.

Plaintiff additionally complains that Nurses Eber and Harld, Nurse Practitioner Chanin Hiland, and Dr. Steve Hiland are violating the Eighth Amendment by denying him treatment for complaints of hand pain and swelling following a fight.

Plaintiff reports filing a grievance to the Warden and Commissioner and claims that Defendant Haas "acted in concerted with all defendants to deny me medical care and treatment."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous

---

[2](...continued)

*Inc.*, 404 F.2d 256, 257 (6th Cir. 1968) (noting that the party seeking the preliminary injunction bears the burden of showing by clear and convincing evidence that he is entitled to such relief).  Plaintiff may always file a separate motion for preliminary injunctive relief addressing each factor.

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alternation in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.  ANALYSIS

## A.  Official capacity claims for damages against all Defendants

The official capacity claims for damages will be dismissed on two bases.  First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages.  *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same).  Consequently, the § 1983 official capacity claims for damages against all Defendants must be dismissed.

## B.  Defendant Haas

Plaintiff's only claim against Defendant Haas is that he acted in concert with all Defendants in denying Plaintiff medical care.  There are no facts describing any purported wrongdoing on the part of Defendant Haas.  To state a claim for relief, however, a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which the plaintiff complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  "It is not enough for a complaint  . . .  to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings."  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983).  A complaint must contain "'either direct or

4

inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). Because Plaintiff's complaint fails to allege any material facts as to how Defendant Haas violated his rights, the claims against Defendant Haas must be dismissed.

Alternatively, to the extent Plaintiff seeks to hold Defendant Haas liable in his supervisory position as KDOC Medical Director, the doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays*, 668 F.2d at 872-74). Because Plaintiff has failed to allege that Defendant Haas was in any way personally involved in his care, Plaintiff fails to state a claim against him.

### C. **Defendants Rees and Simpson**

Plaintiff alleges that Defendant Rees is "legally responsible for the overall operation of the Department and each institution . . . including Kentucky State Penitentiary" and that Defendant Simpson is "legally responsible for the operation of Kentucky State Penitentiary and for the welfare of all the inmates of that prison." It, therefore, appears that Plaintiff seeks to hold Defendants Rees and Simpson liable based on their supervisory positions as Commissioner and Warden, respectively. As with Defendant Haas, however, the doctrine of respondeat superior does not apply to § 1983 actions, and Plaintiff has failed to allege any facts showing that either Defendant encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct.

"[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, the fact that Defendant Simpson may have failed to follow up on Plaintiff's verbal complaint of denied medical care is insufficient to impose liability upon that Defendant. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."); *Davis v. Sapp*, No. 99-5769, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability where it was alleged that defendants were aware of deficiencies in plaintiff's medical treatment but failed to intervene). The same is true as to Plaintiff's allegation that Defendants Rees and Simpson knew

6

of the alleged inadequate medical care by way of the grievance procedure.  *See Shehee v. Luttrell*, 199 F.3d at 300 (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Accordingly, all claims against Defendants Rees and Simpson must be dismissed for failure to state a claim upon which relief may be granted.

## D.  Remaining claims

On review, the Court will allow the following Eighth Amendment claims to proceed:  the claim that Plaintiff is being denied medical treatment for an eye condition against Defendants Dr. Hiland, Nurse Eber, Nurse Supervisor Wood, and Optician Lowals in their individual capacities for damages; the claim that Plaintiff is being denied eyeglasses against Optician Lowals in his individual capacity for damages; and the claim that Plaintiff is being denied treatment for his hand pain and swelling against Defendants Nurse Eber, Nurse Harld, Nurse Practitioner Chanin Hiland, and Dr. Steve Hiland in their individual capacities for damages.  The claim for declaratory relief proceeds against each of the foregoing remaining Defendants in their individual and official capacities, and the claim for injunctive relief in the form of medical treatment continues against Defendants Dr. Steve Hiland, Nurse Practitioner Chanin Hiland, and Optician Lowals in their individual and official capacities.

The Court will enter a separate Order dismissing all claims against Defendants Haas, Rees, and Simpson and dismissing the official capacity claims for damages against all Defendants.  The Court will enter a separate Scheduling Order governing the development of the remaining claims.

Date:

cc:      Plaintiff, *pro se*
          General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005